Commonwealth *v.* Cooper, Appellant.

Argued May 4, 1971. Before BELL, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Andrew G. Gay,* for appellant.

*Stephen J. Margolin,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Ar-*

*len Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, June 28, 1971:
On March 30, 1967, Meyer Lexton, the aged proprietor of the Claridge Hotel, was shot and killed. On *April 5,* 1967, a call was received at the headquarters of the Philadelphia Police Department, the caller stating that he was the killer of Mr. Lexton and wanted to give himself up. Two officers were sent to the address given by the caller. When they arrived at the address, the defendant Charles Cooper identified himself as the man who placed the call. After being given *all* the *Miranda* warnings, defendant made an oral confession concerning the shooting of Lexton. This was undoubtedly a voluntary, spontaneous statement or confession, and consequently was admissible.

Defendant was then taken to police headquarters and, after again receiving all the *Miranda* warnings, gave a statement which was recorded by the police. After this statement was typewritten, defendant repudiated the statement and refused to sign it. A short while later, defendant was released from custody.

On April 17, 1967, defendant was brought to police headquarters and, after being given the *Miranda* warnings, was questioned and then released. At this time, he made no statement.

On June 26, 1967, George Maiden was arrested and gave a statement implicating himself and the defendant in the murder of Meyer Lexton. Defendant was arrested on *June 27,* 1967 and, after being given all the *Miranda* warnings, gave a formal statement or confession in which he admitted his involvement in the Lexton killing. This statement was substantially the same as the statement which he had given on April 5th. Before he gave his statement on June 27th, defendant had *not*

been informed of the crime which was the subject of his interrogation.

Prior to his trial on the murder indictment, his attorney filed a motion to suppress all of the statements which had been made by the defendant. This motion was heard before Judge (now President Judge) D. Donald JAMIESON. After a full evidentiary hearing, Judge JAMIESON denied the motion to suppress.

Defendant's murder trial commenced on March 5, 1969. Statements given by defendant on April 5th and June 27th were admitted into evidence over the objection of defendant's trial counsel. Defendant was found by the jury guilty of murder in the second degree and was sentenced by the Court to a term of eight to twenty years' imprisonment. Post-trial motions were filed, argued, and denied. This appeal was then taken.

The sole contention raised in this appeal is that the typewritten confession made and signed by defendant on *June 27, 1967* was unlawfully obtained and, therefore, should not have been admitted into evidence. Defendant-appellant bases this contention on *Commonwealth v. Collins*, 436 Pa. 114, 259 A. 2d 160. In *Collins*, Mr. Justice O'BRIEN said (page 121) : "We agree with appellant that an intelligent and understanding waiver of the right to counsel is impossible where the defendant has not been informed of the crime which is being investigated."[*]

It is obvious that the language in *Commonwealth v. Collins*, 436 Pa., supra, does not control this case. Here the defendant was aware of the crime for which he was being investigated—in fact he had telephoned the police and informed them that he had shot and killed the vic-

---

[*] Mr. Justice JONES and Mr. Justice COHEN joined in Mr. Justice O'BRIEN's Opinion, and Mr. Justice EAGEN, Mr. Justice ROBERTS, Mr. Justice POMEROY and Mr. Chief Justice BELL concurred in the result.

tim. Therefore, the written confession of June 27, 1967, which was preceded by proper *Miranda* warnings, was properly admitted into evidence.

Judgment of sentence affirmed.

Mr. Justice JONES took no part in the consideration or decision of this case.