Commonwealth *v.* Jacobs, Appellant.

Argued April 29, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Andrew G. Gay,* for appellant.

*James T. Ranney,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, December 20, 1971:

Appellant was found guilty by a jury of first-degree murder and aggravated robbery. After being sentenced to life imprisonment, he bings this appeal.

The Commonwealth's principal direct evidence of appellant's guilt consists of his very detailed confession and it is the admission of this confession which appellant challenges now as he previously did in filing a pretrial petition to suppress evidence and in filing post-trial motions for a new trial and in arrest of judgment, all of which were denied. The facts surrounding the receipt of this confession are as follows:

Appellant was picked up in New Jersey on a parole violation. Two detectives from the Philadelphia police, who had been looking for appellant as the result of the identification of a photograph of him by an eyewitness to the robbery of Charles Tovsky's grocery store and the shooting of Mr. Tovsky, went to the homicide section of the Newark police department upon

news of appellant's arrest. Immediately upon first contact with the Philadelphia detectives, appellant was given his *Miranda* warnings. Later the same day, a third detective brought a warrant for appellant's arrest for homicide, which warrant had been issued in Philadelphia.

Appellant was questioned by the Philadelphia detectives in the Newark station from 12:50 p.m. to 1:50 p.m., and from 2:15 p.m. to 3:30 p.m. Some time during that period, appellant made an oral confession. Appellant was again questioned, starting at 4:00 p.m., and, after again receiving *Miranda* warnings, appellant signed a typed, formal statement.

Appellant first argues that his confessions should not have been admitted into evidence because his original arrest by the Newark police department was without probable cause. However, even if the arrest by the Newark police was illegal, a question we cannot determine on this record, the evidence complained of here did not come as the "fruit" of any such illegality, but was instead obtained "by means sufficiently distinguishable to be purged of the [alleged] primary taint." *Wong Sun v. United States*, 371 U.S. 471, at 488 (1963) ; *Bowlen v. Scafati*, 395 F. 2d 692, 693 (1st Cir. 1968. See *Commonwealth v. Moody*, 429 Pa. 39, 44-45, 239 A. 2d 409 (1968) ; *Commonwealth v. Bishop*, 425 Pa. 175, 182-184, 228 A. 2d 661 (1967). Here, there is no doubt that the Philadelphia police independently had probable cause to arrest appellant. Consequently, even if appellant had shown that his arrest by the Newark police was illegal, any illegality which may have attached to this arrest in no way tainted his confession.

Appellant next argues that the admission of his confession would deprive him of due process because the police allegedly failed to inform him of the crime with

which he was charged at the time he was given *Miranda* warnings. Relevant to this contention, two separate points need be made, both of which prevent appellant from bringing the situation within the principles enunciated by three Justices of this Court in *Commonwealth v. Collins,* 436 Pa. 114, 259 A. 2d 160 (1969). First, this allegation was not raised in the court below, and so cannot be raised initially at this time. Second, the facts show that appellant was fully aware of the charges against him, and why he was being questioned. He did not mistakenly think he was about to be questioned concerning another offense. In such circumstances, he cannot establish that his waiver of counsel and the privilege against self-incrimination was not intelligently made.

Appellant also contends that the court erroneously admitted hearsay testimony against him. This allegation concerns the testimony of Lucille Fields, who lived within a block of the victim's store. She testified that she saw appellant approximately fifteen minutes before she heard from her father that Charles Tovsky had been shot. Appellant contends that this was hearsay. We disagree. It was not offered to prove the truth asserted by the out-of-court declarant, her father. The hearsay rule has no application where the question is whether certain things were said or written by a third person and not whether they are true. See *Henry, Pennsylvania Evidence,* §441, pages 434-435.

Judgment of sentence affirmed.

Mr. Justice EAGEN concurs in the result.