Commonwealth *v.* Johnson, Appellant.

Argued April 23, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and NIX, JJ.

*James D. McCrudden,* for appellant.

*Maxine J. Stotland,* Assistant District Attorney, with her *David Richman,* Assistant District Attorney, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, October 16, 1974:

Appellant, Vincent Johnson, was found guilty by a jury on March 21, 1973, of murder in the first degree and aggravated robbery. Post-trial motions were denied and concurrent sentences of life imprisonment on the conviction for murder and ten to twenty years on

the robbery conviction were imposed. This direct appeal followed.[1] We affirm.

On October 29, 1971, Kenneth Wakefield was assaulted and sustained severe head injuries, which resulted in his death. In connection with the investigation of this incident, the police requested appellant's father to bring appellant (then age 17) to the Police Administration Building. The father did so on November 5, 1971, and appellant was taken into custody at 5:35 p.m. Miranda[2] warnings were administered, and police detectives began questioning appellant regarding the assault on Wakefield.

Initially, appellant denied any involvement, but at 9:00 p.m. he began an oral statement in which he admitted the assault. This statement was completed at 9:50 p.m., after which appellant, in the presence of his father, repeated the substance of the statement.

The following day at 4:40 p.m., a formal, written statement—substantially identical to the earlier oral statement—was taken. This statement was completed at 8:00 p.m. Appellant was arraigned at some later time, not shown by the record.

Appellant raises two objections to the failure to suppress his written statements.[3] He argues, first, that the formal statement was not voluntarily made. The suppression court heard conflicting testimony on this claim at appellant's August 27, 1972 suppression hearing and resolved the issue against appellant. The findings of the trier of fact, supported by the record, may

---

[1] The Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp. 1974), gives this court jurisdiction over the murder conviction. Because of the similarity of certain of the issues raised, the Superior Court transferred the robbery conviction to this Court.

[2] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966).

[3] No objection to the admission of the earlier oral statement was raised either here or in the trial court.

not be disturbed. *Commonwealth v. Karchella,* 449 Pa. 270, 273, 296 A.2d 732, 733 (1972); *Commonwealth v. Garvin,* 448 Pa. 258, 269, 293 A.2d 33, 39 (1972).

Appellant's second objection to the admission of his statement is based on the contention that it was the product of unnecessary delay between his arrest and arraignment. Pa. R. Crim. P. 118 (now 130); *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972); *Commonwealth v. Williams,* 455 Pa. 569, 319 A.2d 419 (1974); *Commonwealth v. Dixon,* 454 Pa. 444, 311 A.2d 613 (1973); *Commonwealth v. Wayman,* 454 Pa. 79, 309 A.2d 784 (1973); *Commonwealth v. Dutton,* 453 Pa. 547, 307 A.2d 238 (1973); *Commonwealth v. Tingle,* 451 Pa. 241, 301 A.2d 701 (1973); *Commonwealth v. Jones,* 449 Pa. 619, 294 A.2d 889 (1972); see *Geiger Appeal,* 454 Pa. 51, 309 A.2d 559 (1973); *Commonwealth v. Peters,* 453 Pa. 615, 306 A.2d 901 (1973). The claim of unnecessary delay was not raised either at the suppression hearing or at trial. Since the claim was not timely raised, it may not be considered here.[4] *Commonwealth v. Scoggins,* 451 Pa. 472, 477, 304 A.2d 102, 105 (1973); *Commonwealth v. Agie,* 449 Pa. 187, 189, 296 A.2d 741 (1972).

Appellant next urges several errors in the admission of evidence. First, one of the police officers testified that, prior to beginning the interrogation of appellant, he administered the constitutionally required warnings in the presence of appellant's father. The officer was then permitted to testify, over a hearsay objection, that he asked appellant's father whether the father understood the warnings and that the father replied affirmatively. The evidence was proper to show

---

[4] Appellant's suppression hearing and trial took place four and eleven months, respectively, after our decision in *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972). Compare *Commonwealth v. Wayman,* 454 Pa. 79, 309 A.2d 784 (1973).

the care taken to insure that both appellant and his father understood the warnings. Regardless of whether the father actually understood the warnings, the evidence tended to show the absence of a coercive atmosphere surrounding appellant's statement. Since the father's answer could thus be used to prove something other than its truth, it was not hearsay for that limited purpose. *Commonwealth v. Jacobs*, 445 Pa. 364, 367, 284 A.2d 717, 719 (1971), cert. denied, 409 U.S. 856, 93 S. Ct. 135 (1972); McCormick's Handbook of the Law of Evidence § 246, at 585 (2d ed. E. Cleary 1972); G. Henry, Pennsylvania Evidence § 441, at 434-35 (1953). Evidence admissible for one purpose but not for another may be admitted, though a limiting instruction must be given if requested. *Commonwealth v. Updegrove*, 413 Pa. 599, 605, 198 A.2d 534, 537 (1964); 1 J. Wigmore, Law of Evidence § 13, at 300-01 (3d ed. 1940); McCormick, supra § 52, at 119, § 59, at 135-36. No such limiting instruction was requested here.

Appellant's next evidentiary objection[5] relates to testimony concerning a conversation between appellant and his father. According to the trial testimony of one of the police officers, appellant repeated the substance of his oral statement (in which he admitted the assault on the decedent and the taking of decedent's trousers) to his father. The officer then testified, over objection, to the subsequent exchange: "A. . . . The father was upset. He asked him why he had to rob him and steal, that he gave him every opportunity, he gave him a job, he was making $100.00 a week— . . . . Q. What was

---

[5] Appellant also contends that a police officer was twice permitted to offer opinion testimony. In one instance, the objection was not urged at trial and, therefore, may not be considered here. *Commonwealth v. Agie*, 449 Pa. 187, 189, 296 A.2d 741 (1972). In the other instance, the record shows that the testimony is not opinion.

the defendant's response to that? Did he say why he took the pants? A. He said he liked them, that he wanted them." Appellant contends that this was an improper attempt to establish a "tacit admission" by silence. *Commonwealth v. Dravecz,* 424 Pa. 582, 227 A.2d 904 (1967). However, the challenged testimony was not an attempt to use appellant's silence as evidence against him, for appellant did not remain silent. See *Commonwealth v. Cheeks,* 429 Pa. 89, 99-100, 101 n.5, 239 A.2d 793, 798-99, 799 n.5 (1968). Instead appellant responded to the question in a way which could be interpreted by the jury as an express admission that he stole the trousers. And the father's question was required to establish this possible meaning. Thus, the question was relevant solely because it was asked, not to establish the truth of the assertions in the question. Since the testimony tended to show an express admission by appellant, it was admissible as an exception to the hearsay rule. *Commonwealth v. Cheeks,* supra; *Commonwealth v. Wentzel,* 360 Pa. 137, 149-50, 61 A.2d 309, 315 (1948); McCormick, supra §262, at 628; Wigmore, supra, § 1048, at 2.

Appellant also urges other trial errors,[6] most importantly failure to allow inspection of certain pretrial statements of one of the witnesses. But appellant was not entitled to pretrial discovery of the statements. Pa. R. Crim. P. 310. Appellant's counsel would have been entitled to inspect the statements after the direct examination of the witness was completed in order to prepare his cross-examination. *Commonwealth v. Kontos,* 442 Pa. 343, 347-49, 276 A.2d 830, 832-33

---

[6] One of these claims relates to an allegedly improper "scolding" of defense counsel by the trial court. The record reveals only a mild admonition of defense counsel for arguing with the court. This was not only proper, but was so insignificant in the context of this three-day trial that the jury could not possibly have been adversely influenced by it.

(1971) ; see *Jencks v. United States,* 353 U.S. 657, 77 S. Ct. 1007 (1957) ; *Commonwealth v. Smith,* 417 Pa. 321, 208 A.2d 219 (1965) ; ABA Project on Standards for Criminal Justice, Standards Relating to Discovery and Procedure Before Trial § 2.1(a)(i) (1970). However, appellant failed to request production of the statements at any point in the trial. In the absence of a request, there was no error in the failure to produce the statements.

Appellant further contends that the prosecutor interfered with defense attempts to interview potential witnesses. On motion for mistrial, the trial court found that the putative "obstruction" consisted of the prosecution's advising witnesses whom it was making available to the defense that they were under no legal obligation to speak with defense counsel. Even if this advice had been misinterpreted by the witnesses as an instruction not to confer with defense counsel, the means of correction were readily available. No request was made to the trial court to instruct the witnesses and insure that they correctly understood their rights. Instead, defense counsel moved, on the following day, for a mistrial. In these circumstances, we cannot say that it was error to refuse a mistrial.

Appellant asserts errors in the prosecutor's closing argument to the jury. Part of appellant's defense was alibi; he claimed that he had been with certain of his named friends at the time of the assault. These friends were not called, and the district attorney, over objection, urged the jury to draw an inference that their testimony would not corroborate the alibi. Appellant urges that no such inference was proper, as the witnesses were known to the prosecution and equally available to it. See *Commonwealth v. Davis,* 455 Pa. 142, 148 n.5, 314 A.2d 313, 316 (1974) ; *Bentivoglio v. Ralston,* 447 Pa. 24, 288 A.2d 745, 748 (1972) ; *Commonwealth v. Black,* 186 Pa. Superior Ct. 160, 165, 142

A.2d 495, 498 (1958). In *Commonwealth v. Wright*, 444 Pa. 536, 541, 282 A. 2d 323, 325 (1971), this Court concluded that such an inference is permissible. See also *Commonwealth v. Bruce*, 433 Pa. 68, 70-71, 249 A.2d 346, 347-48 (1969).[7] That principle is applicable here.

Finally,[8] appellant complains that it was error to allow the pretrial statement of one of the witnesses to be taken out by the jury, in spite of timely objection. The Rules of Criminal Procedure provide, with exceptions not here material, "Upon retiring for deliberations, the jury may take with it such exhibits as the trial judge deems proper." Pa. R. Crim. P. 1114. We find no abuse of discretion by the trial court in allowing this statement to go out with the jury.[9] See *Commonwealth v. Ravenell*, 448 Pa. 162, 172, 292 A.2d 365, 370 (1972); *Commonwealth v. Moore*, 443 Pa. 364, 373,

---

[7] We have examined the other portions of the argument which are assigned as error. We find that the Commonwealth did not go beyond the "facts in evidence and legitimate inferences therefrom." *Commonwealth v. Goosby*, 450 Pa. 609, 612, 301 A.2d 673, 675 (1973). See ABA Project on Standards for Criminal Justice, Standards Relating to the Prosecution Function, § 5.8(a) (Approved Draft, 1971). The objections are without merit.

[8] Appellant also assigns as error the charge to the jury on felony murder. However, no objection to this portion of the charge was made before the jury retired to deliberate. Thus this objection may not be considered here. Pa. R. Crim. P. 1119(b); *Commonwealth v. Watlington*, 452 Pa. 524, 306 A.2d 892 (1973); *Commonwealth v. Martinolich*, 456 Pa. 136, 160 n.15, 318 A.2d 680, 693 n.15, cert. denied, 419 U.S. 1065, 95 S. Ct. 651 (1974).

[9] Although this statement was introduced and admitted as an exhibit, no use of it was made prior to the close of evidence. Its contents were first brought to the jury's attention by defense counsel. In closing argument, counsel read to the jury a few sentences from the statement. The district attorney objected to the presentation of this small portion out of context. The trial court ruled that since defense counsel used a portion of the statement in his argument, then the entire statement would be sent out with the jury.

279 A.2d 179, 184 (1971).

Judgment of sentence affirmed.

Mr. Chief Justice JONES and Mr. Justice EAGEN concur in the result.

Mr. Justice MANDERINO took no part in the consideration or decision of this case.