439 A.2d 664

**COMMONWEALTH of Pennsylvania,**

v.

**Robert A. McNEIL, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 19, 1981.

Decided Dec. 24, 1981.

Reargument Denied Jan. 29, 1982.

188

John H. Spangler, West Chester (court-appointed), for appellant.

Lee Ruslander, Chief, Appeals Div., West Chester, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION

O'BRIEN, Chief Justice.

Appellant comes before this Court for the third time, seeking final review of ineffectiveness claims which have been deemed to be waived by this Court previously.

On June 28, 1974, a jury found appellant guilty of murder of the first degree. Appellant's privately retained counsel filed post-trial motions which were subsequently denied. After sentencing, appellant's representation was conducted by the Public Defender of Chester County, who filed a direct appeal to this Court. On appeal, appellant asserted that the evidence was insufficient to support a conviction of carrying a firearm without a license, and that the charge to the jury was inadequate. We agreed as to appellant's initial claim and reversed his firearms conviction. However, we refused to reach the merits of his second claim because it was not timely raised at trial and was therefore not preserved for appellate review. *See Commonwealth v. McNeil*, 461 Pa. 709, 337 A.2d 840 (1975).

Appellant acquired new counsel and sought post-conviction relief,[1] alleging that his trial counsel was ineffective. At a hearing on the allegations of ineffectiveness, appellant and his trial attorney testified concerning various aspects of the trial. Unfortunately, appellant neglected to allege the ineffectiveness of his direct appeal counsel. Consequently, the PCHA hearing court found all grounds of ineffective-

1. Appellant filed a petition pursuant to the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180 et seq. (hereinafter referred to as "PCHA").

ness to be waived. Relying upon 19 P.S. § 1180–4(c), the PCHA judge noted:

"[S]ince defendant was represented on direct appeal by counsel other than trial counsel, there was created a rebuttable presumption that the failure to raise the issue of ineffective assistance of counsel on direct appeal was 'knowing and understanding.'"

The Court held that appellant introduced no evidence of extraordinary circumstances which prevented him from raising these claims on direct appeal. Those contentions were therefore waived. *See Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). We affirmed the decision of the PCHA court that appellant failed to rebut the presumption that his failure to raise these issues on direct appeal was knowing and voluntary. *Commonwealth v. McNeil*, 479 Pa. 382, 388 A.2d 707 (1978).

Appellant thereafter filed a second PCHA petition, reasserting the ineffectiveness of trial counsel, and adding allegations of the ineffectiveness of appellate counsel for not attacking the stewardship of trial counsel on direct appeal, and the ineffectiveness of his first PCHA counsel for failing to argue the ineffectiveness of appellate counsel in the initial PCHA petition.

A second PCHA hearing was held on September 11, 1979. Appellant presented the testimony of his first PCHA attorney, who stated that he was unaware of the need to rebut a presumption of waiver. Appellant did not offer the testimony of his appellate counsel. Again, the PCHA court denied relief. This appeal followed.

The issue before us is whether appellant rebutted the presumption that the failure to raise his claim of ineffectiveness of trial counsel on direct appeal was a knowing and voluntary decision. Appellant offered his own testimony that his appellate counsel did not inform him that the ineffectiveness issue would be waived unless raised on direct appeal. However, the PCHA Court ruled that appellant failed to sustain his burden of proof on this issue and that trial counsel's ineffectiveness was still waived.

For the foregoing reasons, we hold that appellant did rebut presumption of waiver and we will consequently address, for the first time, the merits of appellant's claims.

The PCHA provides:

"(b) For the purposes of this Act, an issue is waived if:

"(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised . . . on appeal . . . ; and

"(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.

"(c) There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure."

19 P.S. § 1180–4(b) and 4(c). In the case at bar, the fatal defect in appellant's case, according to the PCHA Court, was his failure to present sufficient evidence to overcome the presumed waiver of all issues not raised on direct appeal. The obvious testimony that was lacking was that of appellate counsel, who could have explained whether he did in fact fully inform appellant of the presumption of waiver if the ineffectiveness arguments were not raised on appeal. While we cannot deny that such testimony would have clarified the issue, we refuse to hold that its absence necessarily resolves the issue against appellant.

A rebuttable presumption serves as:

"A means by which a rule of substantive law is invoked to force the trier of fact to reach a given conclusion, once the facts constituting its hypothesis are established, absent contrary evidence. See 9 Wigmore, Evidence, § 2491 (3rd ed. 1940)."

*Commonwealth v. Shaffer*, 447 Pa. 91, 105–106, 288 A.2d 727, 735–736 (1972). This procedural device, in addition to permitting an inference of the presumed fact, also shifts to the party against whom it is invoked the burden of producing evidence to disprove the presumed fact. *Commonwealth v. DiFrancesco*, 458 Pa. 188, 193 n.3, 329 A.2d 204, 207 n. 3

(1974). In situations where a defendant's intent is the fact presumed, we have held that "[t]his presumption may be overcome by the [actor] himself denying such intent, or by any other appropriate evidence." *Commonwealth v. Kluska*, 333 Pa. 65, 69, 3 A.2d 398, 401 (1939). The question of the defendant's intent, in light of the evidence introduced to rebut the presumption, thereafter becomes an issue to be resolved by the trier of fact. In reaching its determination, the trier of fact may also consider all other credible evidence which bears upon the issue of intent. *Commonwealth v. Ewing*, 439 Pa. 88, 92, 264 A.2d 661, 663 (1970). (See cases cited therein.) *See also Commonwealth v. Moore*, 473 Pa. 169, 373 A.2d 1101 (1977).

■ After reviewing the transcript of the second PCHA hearing, we are convinced that appellant did sufficiently rebut the presumed waiver. On direct examination by his PCHA counsel, appellant was asked:

"Q. Did you discuss the issues which you would raise on appeal with [appellate counsel] prior to his filing that appeal?

"A. In part, I would say, yes.

"Q. Did you discuss with him the issue of your trial counsel's incompetency?

"A. No.

"Q. Did [appellate counsel] tell you that unless that issue was raised on direct appeal that issue would be waived in all further proceedings?

"A. No, sir.

"Q. As far as you know, did [appellate counsel] raise that issue on direct appeal?

"A. No, sir, he didn't."

At a later point, appellant reiterated the fact that he did not give appellate counsel permission to waive the issue of trial counsel's ineffectiveness on direct appeal. The Commonwealth introduced no evidence to refute these assertions, and in fact did not engage in any cross-examination of appellant. Because the presumption was sufficiently rebut-

ted and no conflicting evidence was introduced to dispute appellant's testimony, the PCHA Court committed an error of law in not finding that appellant's claim was not waived.

Furthermore, the circumstances surrounding appellant's attempts to seek collateral review support the contention that he did not knowingly and voluntarily waive this right. Appellant timely pursued a direct appeal, alleging, among other things, errors in the court's charge to the jury. Shortly after his appeal, appellant filed a PCHA petition properly raising this claim within the context of an ineffective assistance of counsel format. Appellant's prompt attempt to seek relief on this basis within the framework of an ineffectiveness claim advances his position that he did not understandingly waive this on appeal. Moreover, this is not a case where appellant has received a review on the merits and now seeks to reassert a previously litigated claim. The cumulative effect of appellant's actions and his direct testimony rebut the presumption that he understandingly waived these issues.

■ Since appellate counsel failed to inform appellant of the need to raise the ineffectiveness of trial counsel on direct appeal, his representation was ineffective. Similarly, the first PCHA counsel was ineffective for failing to allege the ineffectiveness of appellate counsel.[2] Because we have determined that appellant's claims of ineffectiveness are properly cognizable in this proceeding, we now will address the merits of those claims.

■ Trial counsel's representation is attacked in the following respects:

"1. Not adequately consulting with the defendant prior to trial;

"2. Not advising the defendant of a plea bargain;

2. This was admitted by the second PCHA court in its opinion where it stated:

"The failure of petitioner's first PCHA counsel to elicit any testimony regarding the failure of appellate counsel to raise the issue of trial counsel's ineffectiveness on direct appeal, clearly was not in petitioner's best interest."

"3. Not advising the defendant that he could not be compelled to testify;

"4. Eliciting testimony from the defendant regarding prior convictions;

"5. Failing to introduce into evidence the victim's prior conviction for a violent crime;

"6. Not preparing points for charge;

"7. Not requesting an additional charge on self-defense;

"8. Not objecting to the inadequate charge thereby failing to preserve the issue for appellate review."[3]

The foundation of any ineffectiveness scrutiny is the standard enunciated in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967):

". . . counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." (Emphasis in original)

As to the first three claims of ineffectiveness, we find no merit. Trial counsel testified at the first PCHA hearing that he consulted with appellant numerous times prior to trial, and he advised appellant as to whether or not he should testify on his own behalf. Counsel further informed the PCHA court that the prosecution was unwilling to engage in any plea bargain in this case and that he notified his client of that fact. Trial counsel's actions with respect to the above claims were consistent with the quality of legal stewardship demanded by this Court, and were "within the permissible range of prudent representations of his client's interests." *Commonwealth v. Ganss,* 440 Pa. 602, 606, 271 A.2d 224, 226 (1970).

---

**3.** The first PCHA court addressed issues 1, 2, and 3 on the merits and considered all other claims to be waived. The Commonwealth now argues that issues 1, 2, and 3 are finally litigated. While it is true that we affirmed the PCHA court's order on appeal. *Commonwealth v. McNeil,* 479 Pa. 382, 388 A.2d 707 (1978), therein we opined that *all* issues were deemed to be waived. Since we never ruled on the merits of any issues listed above, none has been finally litigated within the meaning of 19 P.S. § 1180–4(a)(3).

Issues 4 and 5 concern trial counsel's decision to elicit appellant's admissions of prior convictions, and counsel's decision not to introduce evidence of the victim's record.

■ At the PCHA hearing, trial counsel testified that he questioned appellant on his prior convictions as a trial tactic. However, counsel had no present recollection as to why he made that tactical decision. In seeking to determine if counsel had a reasonable basis for placing appellant's record before the jury, we must review the record. After appellant shot and killed the victim in the case at bar, he immediately fled to California. One year later, he was apprehended and returned to Pennsylvania. In the course of his return, appellant explained to a detective that he did not believe he would receive justice in West Chester. Counsel, seeking to explain why appellant felt compelled to leave the area after the shooting, examined appellant on this point. Appellant defended his flight and his fear of the judicial system by describing his mistreatment during his prior incarceration. Counsel's decision to discuss appellant's prior conviction was necessary in order to rationalize appellant's compulsion to flee. Under these circumstances, we conclude that defense counsel had a reasonable basis designed to effectuate his client's interests.

■ Counsel did recollect his decision not to introduce evidence of the victim's record and he defended it at the PCHA hearing. Therein, he stated:

"I thought I had enough to show that [the victim] was known in the community where he resided as a man of violence by other witnesses."

Trial counsel introduced the testimony of two witnesses who testified both to specific instances when the victim threatened appellant and to the victim's reputation for violence in the community. Furthermore, counsel vigorously cross-examined a witness offered by the Commonwealth to rebut the victim's reputation for violence. While the introduction of the victim's conviction for assault with intent to kill surely would not have harmed appellant's case, counsel offered a

reasonable basis not to admit the conviction when he stated that he believed that point was sufficiently proven. The linchpin of the ineffectiveness scrutiny is:

". . . that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." (emphasis in original).

*Commonwealth ex rel. Washington v. Maroney, supra,* 427 Pa. at 604, 235 A.2d at 352–353. Since we have determined that counsel had a reasonable basis, we must consider his representation to be constitutionally effective.

Appellant's final three allegations of ineffectiveness concern the court's instructions to the jury. Appellant contends that trial counsel's representation was constitutionally infirm because he did not prepare points for charge, he failed to object to an inadequate charge, and he did not request an additional charge on self-defense.

Initially we note that while counsel is not required to submit points for charge, Pa.R.C.P. 1119(a), he will not be held ineffective for his omission if the charge, read as a whole, is an adequate statement of the law. Appellant argues that the charge failed to adequately explain the relationship between voluntary manslaughter and self-defense.

At trial, appellant advanced the position that he killed the victim in self-defense. It is well-settled that a killing is excused in the name of self-defense only if the slayer reasonably feared for his life. *Commonwealth v. Simmons,* 482 Pa. 496, 394 A.2d 431 (1978). An unreasonable belief that one's life is in jeopardy will not excuse a killing, but it will reduce the degree to voluntary manslaughter.

*Commonwealth v. Simmons, supra. Commonwealth v. Jones*, 460 Pa. 223, 331 A.2d 658 (1975). Appellant contends that counsel was ineffective for not objecting to the inadequacy of the charge on this point of law.

In fact, the trial court did recognize this principle and relayed it to the jury in the following fashion:

> "If [the killing] was committed under the influence of an uncontrollable fear of either death or great bodily harm caused by the circumstances but without the presence of all the ingredients necessary to excuse the act on the ground of self-defense, the killing is manslaughter and not murder. Remember that the uncontrollable fear of death or great bodily harm, conceivable as existing, but not necessarily justified by the immediate circumstances, the killing is voluntary manslaughter."

The judge's charge to the jury on voluntary manslaughter consumed eleven pages and the instructions on self-defense required six pages of the fifty-four page charge. A reading of the charge indicates that the court properly advised the jury on all elements of self-defense and voluntary manslaughter. *Commonwealth v. Zapata*, 447 Pa. 322, 290 A.2d 114 (1972). Moreover, trial counsel testified at the PCHA hearing that he made no objections to the charge on this point because he believed the charge to be adequate. Counsel's professional decision was clearly reasonable in light of the judge's treatment of this matter and hence constituted effective assistance of counsel. Assuming *arguendo* that the judge should have expanded upon the relationship between self-defense and voluntary manslaughter, a defendant is "not necessarily entitled to relief simply because of some imperfections in the trial, so long as he has been accorded a fair trial." *Commonwealth v. Hill*, 450 Pa. 477, 480, 301 A.2d 587, 590 (1973). The instructions to the jury in the case at bar embodied a sufficient exposition of the critical points of law relevant to appellant's charges. Counsel's reliance upon the charge was therefore justified.

The jury returned twice seeking clarification of voluntary manslaughter and murder. Appellant asserts that counsel

should have requested that additional instructions be given to the jury on self-defense. However, as we have seen above, we found the charge to be sufficient with respect to that subject. Consequently, trial counsel cannot be deemed ineffective for not seeking additional instructions.[4]

Order affirmed.

ROBERTS, NIX and LARSEN, JJ., concur in the result.

FLAHERTY, J., files a dissenting opinion, which KAUFFMAN, J., joins.

FLAHERTY, Justice, dissenting.

This is an appeal from the denial of a second PCHA petition alleging that appellant's trial counsel, appellate counsel and first PCHA counsel were ineffective. As I stated in my dissent in *Commonwealth v. Watlington*, 491 Pa. 241, 252, 420 A.2d 431, 437 (1980), in PCHA actions subsequent to the first petition, the petition should be entertained:

> only in the case of a colorable due process claim significantly implicating the truth determining process, which, were it unaddressed by the Court, could have the effect of imprisoning an *innocent* person.

In the present case, appellant claims that trial counsel was ineffective for failing to secure an adequate charge on self-defense, in view of appellant's testimony that he acted in fear of death or serious bodily injury. The claim is that counsel should have objected to the court's charge because it was not clear that should a defendant kill another while believing himself in imminent danger of death, or great bodily harm, and should this belief, although existing, be an unreasonable belief, the killing is manslaughter, not murder.

---

**4.** Counsel did request clarification of the additional voluntary manslaughter instructions, which he received, and he requested that the supplemental instructions on murder be accompanied by further instructions on voluntary manslaughter. This suggestion was rejected by the trial judge. We believe that counsel actively participated in the process of jury instructions and provided appellant with effective representation.

*See, Commonwealth v. Simon,* 432 Pa. 386, 248 A.2d 289 (1968). By failing to charge fully on both types of voluntary manslaughter, the trial court removed from the jury the possibility of finding appellant guilty of one type of voluntary manslaughter, which may have resulted in a verdict of guilty of first degree murder when appellant may, in fact, have been innocent of the latter offense. Following my suggested analysis in *Watlington,* because appellant was convicted of murder, his allegation of ineffectiveness is a colorable due process claim which implicates the truth determining process and which, if true, might have the effect of imprisoning a person innocent of murder. Accordingly, we should address the claim on its merits.

As the majority indicates, the trial court did, in a cursory manner, initially instruct the jury on the issue of unreasonable belief:

> If [the killing] was committed under the influence of an uncontrollable fear of either death or great bodily harm caused by the circumstances but without the presence of all the ingredients necessary to excuse the act on the ground of self-defense, the killing is manslaughter and not murder. Remember that the uncontrollable fear of death or great bodily harm, conceivable as existing, but not necessarily justified by the immediate circumstances, the killing is voluntary manslaughter.

Although the instruction on voluntary manslaughter consumed a number of pages in the transcript of the charge, the portion of the charge quoted above comprised merely a part of one paragraph.

The foregoing portion of the charge may or may not have adequately instructed the jury on the unreasonable belief type of voluntary manslaughter. However, the jury, after commencing deliberations, requested that the court re-define voluntary manslaughter. In response, the court set forth in definition that included passionate killings only, but made *no* reference to the type of voluntary manslaughter that consists of killings motivated by the defendant's *unreasonable* belief that the victim presented a peril of death or serious injury.

Having determined that appellant raises claims which meet the *Watlington* dissent's criteria for review on the merits, the ordinary remedy would be to remand for an evidentiary hearing on the question of why trial counsel did not object to the charge. However, in this case, trial counsel has already testified at the first PCHA hearing that he was unaware of the inadequacy of the charge.* He was therefore, ineffective in his representation of appellant. The order of the lower court should be reversed and the case remanded for a new trial.

KAUFFMAN, J., joins in this dissenting opinion.

---

* We note that an examination of the trial record indicates that counsel did make a general objection to the charge. However, since he offered no points for charge for the court's consideration and did not specifically object that the instruction should clarify the law regarding *unreasonable* belief of the threat of death or serious bodily injury, his general objection is insufficient to negate the conclusion of ineffectiveness. *See* Pa.R.Crim.P. 1119(b).