## Commonwealth *v.* Nardi, Appellant.

Submitted April 15, 1968. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Joseph W. Mullin,* for appellant.

*John P. Fernsler* and *Frank P. Lawley, Jr.,* Deputy Attorneys General, and *William C. Sennett,* Attorney General, for Commonwealth, appellee.

OPINION PER CURIAM, May 21, 1968:

The petitioner in this case, convicted of murder in the first degree, and sentenced to life imprisonment, filed a petition under the Post Conviction Hearing Act alleging that counsel should have been appointed for him prior to the time of his preliminary hearing, that the trial court should have appointed a psychiatrist to assist counsel in preparing for trial, and/or a sanity commission should have been ordered to determine the competency of the petitioner to stand trial as well as his competency at the time of the commission of the alleged offense; that defense counsel should have been permitted to see, prior to trial, the petitioner's confessions, which had been reduced to writing; and that his confessions were not voluntary.

A hearing was held in the court below where both the Commonwealth and the petitioner presented evidence. On August 18, 1967, the court dismissed the petition and this appeal followed.

As to petitioner being entitled to appointed counsel prior to the preliminary hearing the answer is that the law and criminal procedure in effect in 1954 [date of the preliminary hearing] did not require such appointment except where unusual circumstances transformed the preliminary hearing into a critical stage. (*Commonwealth ex rel. Fox v. Maroney*, 417 Pa. 308) Nothing in the record indicates any such "unusual circumstances."

It is argued in behalf of the petitioner that he was a defective delinquent and that therefore a preliminary hearing was mandatory. It is not indicated in the record that the petitioner's mental condition was such that the preliminary hearing had to be regarded "a critical stage." The petitioner was not a juvenile, he was 22 years of age when he stabbed and killed a guard at the Pennsylvania Institution for Defective Delin-

quents at Huntingdon, prior to a planned escape from that institution where he was then an inmate. Nor does the record suggest that the petitioner was prejudiced in his legal rights as the result of his not having counsel at the preliminary hearing.

Four days subsequent to the hearing, counsel was appointed and, under the law as it existed in 1954, this was a "timely appointment."

When defense counsel sought the appointment of a psychiatrist to assist in the preparation of the defense, the trial court held it had no authority to appoint a psychiatrist at the expense of the county, the court, in this respect, relying on *Commonwealth v. Green,* 346 Pa. 172. This refusal, however, was not crucial to the petitioner's case since the court advised counsel that if in his opinion the petitioner was unable to stand trial, the court would enter an order for the appointment of a sanity commission upon presentation of an appropriate petition. The lower court states in his opinion that "counsel indicated that in their opinion the defendant is not presently insane." Nor is there anything in the record to suggest that the court should have appointed a commission sua sponte.

As noted by the court, the accused's conduct and statements clearly revealed a "conscious understanding" of what he was doing when he made his vicious attack on the prison guard, as an incident to the planned escape, and that he understood the gravity of the offense with which he was charged. A reading of the record compels us to conclude that the court was justified in reaching its declared conclusion.

As to the court's refusing defense counsel's request, prior to trial, for a copy of petitioner's statement, it is enough to say that even under more liberal rules of criminal procedure the court is not required to grant such a request. Pa. R. Crim. P. 310 thereof provid-

ing: "The court *may* order the attorney for the Commonwealth to permit the defendant . . . to inspect and copy or photograph any written confession. . ." Whether or not to grant defense counsel's request was thus within the sound discretion of the court, and we do not find that the exercised discretion was abused, under all the circumstances of the case.

Nor is there merit to the contention that petitioner's confession was not voluntary but resulted from a violation of his constitutional rights. A reading of petitioner's testimony at the hearing on the post-conviction petition is sufficient to overcome the contentions. A portion of his testimony follows: "Q. Was that ever explained to you in any way? A. I was told that I didn't have to say anything; that I was entitled to have a lawyer. . . . Q. Did you understand that your statements might then be used as evidence against you at that time? A. Yes. Q. Do you remember signing both of these statements, Alfred? A. I believe so. Q. Did you read them before you signed them? A. Yes, I was asked to read them. . . . Q. You testified you were told you didn't have to say anything and you could have a lawyer, is that correct? A. I was told that I didn't have to answer any questions and that I was entitled to a lawyer."

All those present at the time the petitioner made his statement testified to the voluntary nature thereof, including Father Lambert M. Beiter, who testified he had been requested to appear at the questioning to see that the petitioner was treated kindly and was not mistreated or forced to speak. He testified that the petitioner was "treated very well," "very kindly, very kindly. They were very patient." He said further that the petitioner was given every consideration and was not denied anything nor did "he complain of anything."

We conclude, as did the court below, that the "confessions of Nardi were not those of an overborne defendant or the result of sustained coercive police questioning, but they were the product of a free will and they were made voluntarily."

Order affirmed.

Mr. Justice ROBERTS concurs in the result.

Mr. Justice COHEN took no part in the consideration or decision of this case.