382 A.2d 1223

**COMMONWEALTH of Pennsylvania**

v.

**Lee Chester MAY, Appellant.**

Supreme Court of Pennsylvania.

Submitted Nov. 14, 1977.

Decided Jan. 26, 1978.

---

* Rule 131 replaced former Rule 103 which contained identical language.

Ronald A. White, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Michael R. Stiles, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant was convicted by a judge sitting without a jury of voluntary manslaughter and possession of an instrument of crime for the shooting death of Arthur Wesley.[1] After

1. We hear this appeal pursuant to the Act of January 25, 1966, P.L. (1965) 1580, § 11, 19 P.S. § 1180–11 (Supp.1977), and the Appellate

Post-verdict motions were denied, he was sentenced to one and one-half to five years imprisonment on the manslaughter charge. On direct appeal, this Court affirmed his conviction in *Commonwealth v. May,* 466 Pa. 524, 353 A.2d 815 (1976). In a Post-Conviction Hearing Act proceeding,[2] appellant, represented by counsel other than his trial counsel, see *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975), sought a new trial on the ground that trial counsel was ineffective. The PCHA court denied the petition after an evidentiary hearing. We affirm the order of the PCHA court.

About 8:30 p. m. on December 9, 1973, appellant, Wesley's landlord, entered Wesley's apartment and demanded rent, which Wesley promised to pay several days later. Appellant repeated his demand for immediate payment and struck Wesley, who ran into the bathroom. Appellant followed Wesley into the bathroom, drew a gun and shot Wesley, who died a short time later.

The police arrived around 8:45 p. m. Appellant openly admitted shooting Wesley and was immediately placed under arrest and given *Miranda* warnings. Upon arriving at the Police Administration Building around 10:00 p. m., he was again informed of his rights. Appellant then gave an inculpatory statement which was completed around 1:00 a. m., December 10, 1973. He was arraigned more than nine hours later at 10:35 a. m.

Appellant argues that trial counsel was ineffective for failing to investigate two witnesses whom appellant believed would testify in his defense, and for failing to move to suppress his statement under Pa.R.Crim.P. 130 and *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972). We need not resolve this ineffectiveness claim, however, for it has been waived. To raise a claim of ineffectiveness of counsel for the first time in a PCHA proceeding, a petitioner

Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1977).

**2.** Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq., 19 P.S. §§ 1180–1 et seq. (Supp.1977).

who was represented on appeal by counsel other than trial counsel must demonstrate the existence of some "extraordinary circumstance" justifying failure to raise the issue on direct appeal. Post-Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 4(b)(2), 19 P.S. § 1180–4(b)(2) (Supp.1977); *Commonwealth v. Roundtree,* 469 Pa. 241, 247 n. 4, 364 A.2d 1359, 1362 n. 4 (1976); *Commonwealth v. Dancer,* supra. With new counsel, appellant on direct appeal did not raise the claim of ineffectiveness of trial counsel he presented to the PCHA court, see *Commonwealth v. May,* supra, and has presented no reason for this omission. Consequently, the issue could not be raised in PCHA proceedings.

Order of the PCHA court is affirmed.