388 A.2d 707

**COMMONWEALTH of Pennsylvania**

v.

**Robert A. McNEIL, Appellant.**

Supreme Court of Pennsylvania.

Submitted Nov. 14, 1977.

Decided July 14, 1978.

William H. Mitman, Jr., West Chester, for appellant.

William H. Lamb, Dist. Atty., Robert C. Houpt, Chief Deputy Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

PER CURIAM.

The instant appeal is from a denial of post-conviction relief in which appellant asserts the ineffective assistance of trial counsel. Eight complaints relating to counsel's stewardship are offered in support of the ineffective assistance claim.

 However, we cannot reach the merits of this contention since we deem it to have been waived. After

conviction, denial of post-verdict motions and the imposition of the judgment of sentence, a direct appeal was had and the judgment of sentence was affirmed, *Commonwealth v. McNeil,* 461 Pa. 709, 337 A.2d 840 (1975). Appellant was represented by counsel other than trial counsel on his direct appeal. To raise a claim of ineffectiveness of counsel for the first time in a Post Conviction Hearing proceeding, a petitioner who is represented on appeal by counsel other than trial counsel must demonstrate the existence of some "extraordinary circumstance" justifying failure to raise the issue on direct appeal. Such justification has not been provided in the instant cause. Post-Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 4(b)(2), 19 P.S. § 1180–4(b)(2) (Supp.1977); *Commonwealth v. May,* 476 Pa. 385, 382 A.2d 1223 (1978); *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975).*

Order affirmed.

---

* The trial court was apparently of the view that this rule applied only to those assignments of ineffective assistance which appeared on the trial record. Our cases have made it clear that it is incumbent upon new counsel to completely review the stewardship of his predecessor and all arguable instances of ineffective assistance, whether or not on the trial record, must be raised at the first possible opportunity. In this instance that opportunity would have been the direct appeal. See *Commonwealth v. May,* 476 Pa. 385, 382 A.2d 1223 (1978).