394 A.2d 473

**COMMONWEALTH of Pennsylvania**

v.

**Alfred NARDI, Jr., Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 16, 1978.

Decided Nov. 18, 1978.

Joseph W. Mullin, Public Defender, Huntingdon, for appellant.

Stewart L. Kurtz, Dist. Atty., Huntingdon, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

PER CURIAM:

In November, 1954, appellant, Alfred Nardi, Jr., was convicted in the Court of Common Pleas of Huntingdon County of murder of the first degree. The conviction was in connection with the homicide of a prison guard at the Pennsylvania Institution for Defective Delinquents at Huntingdon, Pennsylvania. Appellant was sentenced to life imprisonment.

Appellant failed to file post-verdict motions or a direct appeal to this court. In 1966, he filed a Post Conviction Hearing Act Petition. On August 18, 1967, the Court of Common Pleas of Huntingdon County denied appellant's requested relief. A direct appeal was then filed to this court. This Court, in *Commonwealth v. Nardi*, 430 Pa. 88, 242 A.2d 248 (1968), in affirming the order of the court below, discussed the following issues on the merits:

1. That appellant was denied the right to counsel at the time of his preliminary hearing.

2. That a psychiatrist should have been appointed to assist defense counsel.

3. That a sanity commission should have been appointed to determine his competency to stand trial and the issue of insanity at the time of the homicide.

4. That defense counsel was denied the right to see appellant's confession prior to trial.

5. That his confession was involuntary.

This court resolved the above issues against appellant.

In 1969, appellant filed a second post-conviction petition. The court below treated the allegations of error raised in that petition as post-verdict motions but denied appellant substantive relief. No direct appeal was taken to this court.

On November 26, 1975, a third post-conviction petition was filed and the court below denied relief. This appeal followed. Appellant first argues that he was unlawfully confined at the Huntingdon Institution at the time of the homicide in 1954. His second argument is that a state police officer who testified at his 1954 trial committed perjury and that the Commonwealth knowingly used the perjured testimony. Neither issue is properly before this court.

Section 1180–4(b) of the Post-Conviction Hearing Act provides:

"(b) For the purposes of this act, an issue is waived if:

"(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and

"(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.

"(c) There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure." Act of January 25, 1966, P.L. (1965) 1580, § 4, effective March 1, 1966.

The allegation of perjury and the alleged unlawful confinement at Huntingdon were issues capable of litigation at the time of the first Post Conviction Hearing Act petition

and the subsequent appeal to this court. Appellant presents no extraordinary circumstances to excuse the failure to include those allegations of error in his first counselled petition; therefore, the issues are waived. 19 P.S. § 1180–4(b).

Appellant raises two other issues:

1. Was he denied the right to communicate with his family at the time of his first post-conviction petition and, therefore, was denied the counsel of his choice?

2. Did the court below err in treating the third post-conviction petition as post-verdict motions for a new trial and in arrest of judgment and in disposing of such motions contrary to 12 P.S. § 1032?

We have reviewed the above issues and have determined that they are meritless.

Order affirmed.