405 A.2d 1302

COMMONWEALTH of Pennsylvania

v.

Kevin EVANS.

Superior Court of Pennsylvania.

Submitted May 7, 1979.

Decided June 13, 1979.

60

Joseph W. Bullen, Assistant Public Defender, Media, for appellant.

D. Michael Emuryan, Deputy District Attorney, Media, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

PER CURIAM:

On May 5, 1976, a court sitting without jury convicted appellant, Kevin Evans, of murder of the second degree, robbery, burglary and theft by unlawful taking. After denying post-verdict motions, the court sentenced appellant to life imprisonment on the murder charge and suspended sentence on the charges of robbery and burglary. Appellant seeks a new trial on the grounds that the trial court deprived him of effective representation and equal protection by denying his request for appointment of a consulting psychiatrist at state expense to aid in the preparation of his defense and that an inculpatory statement he gave police should have been suppressed as involuntary and improperly obtained from a juvenile. We affirm.

In November, 1975, police discovered the body of a 95 year old woman in her home not far from appellant's residence. During the investigation that day, appellant's brother appeared and told the officers that his mother wished to talk with them. The officers answered the request and, when they found in the house certain evidence linking appellant to the crime, requested that he come to the police station for questioning. Appellant, then aged 17 years and 8 months, complied, accompanied by his mother, brother and sister, all adults.

In the presence of appellant's family, one of the officers informed him of the purpose of the proceeding, read *Miranda* rights from a card and asked if appellant wanted to talk about the matter. Appellant stated that he understood his rights and, with his mother's permission, agreed to talk. The officers led appellant to a room approximately 25 feet away, where they again informed him of his rights and asked if he understood them. Again, appellant stated that

---

* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania and Judge Abraham H. Lipez of the Court of Common Pleas of Clinton County, Pennsylvania, are sitting by designation.

he understood and made an incriminating statement. The officers permitted appellant to leave the room to confer with his family. After a brief discussion, appellant returned to the room, received a third reading of *Miranda* rights and had his statement reduced to writing. The entire procedure lasted 30 to 45 minutes, without any indication that the police employed taxing or intimidating methods of interrogation, subjected appellant to hostility or coercive conditions or otherwise engaged in overreaching. We therefore uphold the trial court's finding that appellant, although a minor, voluntarily gave his statement. See *Commonwealth v. Kingsley*, 480 Pa. 560, 391 A.2d 1027 (1978); *Commonwealth v. Hughes*, 477 Pa. 180, 383 A.2d 882 (1978); *Commonwealth v. Kichline*, 468 Pa. 265, 361 A.2d 282 (1976).

■ Before trial, appellant did not file a motion to suppress evidence as required by Pa.R.Crim.P. 323(b). No justification appears for this failure. Therefore, except for the issue of voluntariness, *Commonwealth v. Heckathorn*, 429 Pa. 534, 241 A.2d 97 (1968), appellant has waived all objections to admissibility of the statement. *Commonwealth v. Blagman*, 458 Pa. 431, 326 A.2d 296 (1974) (opinion of Roberts, J., joined by Jones, C. J., and O'Brien, Nix and Manderino, JJ.) (citing cases).

■ Before trial, the court ordered a psychiatric examination of appellant. The examining psychiatrist reported that appellant was "able to relate in a coherent, relevant manner, fully able to communicate in a cooperative manner with his counsel and was felt to be mentally competent to stand trial." The report also noted "poor intellectual functioning suggesting that he is functioning within the retarded level; there is also evidence that he has a learning disability." The court at trial admitted this report into evidence as bearing on both appellant's mental capacity to commit murder and the voluntariness of his statement. In these circumstances, we believe the trial court did not commit error in denying appellant's request for an appointed psychiatrist. See *Commonwealth v. Stickle*, 484 Pa. 89, 398 A.2d 957 (1979); *Commonwealth v. Nardi*, 430 Pa. 88, 242 A.2d 248 (1968).

Judgment of sentence affirmed.