412 A.2d 642

COMMONWEALTH of Pennsylvania

v.

Kevin Levi GANS, Appellant.

Superior Court of Pennsylvania.

Submitted July 24, 1979.

Filed Oct. 19, 1979.

194

Carmen C. Nasuti, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before MONTGOMERY, O'BRIEN and HONEYMAN, JJ.*

O'BRIEN, Judge:

Appellant, Kevin Levi Gans, was convicted by a jury of murder of the first degree and various weapons offenses for the January 30, 1974, stabbing death of Donald Charles. Post-verdict motions were filed, argued and denied. There-

* Justice HENRY X. O'BRIEN of the Supreme Court of Pennsylvania, and Judge ROBERT W. HONEYMAN of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

after, appellant was sentenced to a term of life imprisonment on the murder conviction and a term of two and one-half to five years for possession of instrument of crime. Subsequently, represented by counsel other than his trial counsel, appellant filed a direct appeal in the Supreme Court of Pennsylvania. On March 17, 1976, that court affirmed the judgment of sentence. *Commonwealth v. Gans*, 466 Pa. 425, 353 A.2d 427 (1976).

On June 23, 1976, appellant filed a petition pursuant to the provisions of the Post Conviction Hearing Act[1] in which he challenged the constitutional effectiveness of trial counsel's representation as well as the effectiveness of appellate counsel for failure to argue ineffective assistance of trial counsel on direct appeal. The court below denied appellant's post-conviction petition and from that denial the instant appeal was taken.

Appellant was represented by counsel other than trial counsel on his direct appeal.

"[I]neffectiveness of prior counsel must be raised as an issue at the earliest stage in the proceedings at which the counsel whose effectiveness is being challenged no longer represents the defendant. It follows then that when newly appointed post-trial counsel fails to assign the ineffectiveness of trial counsel as a ground for post-trial relief, the issue of trial counsel's ineffectiveness is not properly preserved for appellate review." *Commonwealth v. Hubbard*, 472 Pa. 259, 276 n.6, 372 A.2d 687, 695 n.6 (1977).

No claim of alleged ineffectiveness of trial counsel was advanced in appellant's direct appeal. As to any such claim, then, "[t]here is a rebuttable presumption that a failure . . . to raise an issue is a knowing and understanding failure." 19 P.S. § 1180–4(c). Appellant has, however, in his post-conviction petition, attempted "to prove the existence of extraordinary circumstances to justify his failure to raise the issue." 19 P.S. § 1180–4(b)(2). Specifically,

1. 19 P.S. §§ 1180–1 et seq. (1979 Supp.).

appellant argues ineffective assistance of appellate counsel as constituting such "extraordinary circumstance." This he may properly do. *Commonwealth v. Martin,* 258 Pa.Super. 412, 392 A.2d 860 (1978).

We are constrained to observe, however, that although appellant's post-conviction petition alleged ineffective assistance of appellate counsel, and although a brief file (apparently *pro se*) in support of the Post Conviction Hearing Act petition similarly argued ineffective assistance of appellate counsel, nevertheless no testimony was adduced or argument entertained on this issue at the Post Conviction Hearing Act hearing. Appellant himself was the sole witness called to testify in support of the Post Conviction Hearing Act petition, and his testimony was directed only to the issue of trial counsel ineffectiveness. The sole witness called by the Commonwealth at the Post Conviction Hearing Act hearing was appellant's trial counsel; his testimony, similarly, was directed solely to the issue of the effectiveness of his representation of appellant at trial.

It may be seen, then, that appellant misapprehended the proper scope of the Post Conviction Hearing Act hearing as well as his burden of proof in that proceeding. The issue of trial counsel ineffectiveness has been presumptively waived. 19 P.S. § 1180–4(b); *Commonwealth v. Nardi,* 482 Pa. 578, 394 A.2d 473 (1978). The only manner by which appellant could have revivified this claim for our review was to have proved appellate counsel was ineffective in not raising the issue at his first opportunity. *Commonwealth v. May,* 476 Pa. 385, 382 A.2d 1223 (1978). This was appellant's burden below; the record of the Post Conviction Hearing Act hearing is singularly barren of any attempt by appellant to meet it.

Apparently appellant's strategy was to attempt to prove the ineffectiveness of trial counsel and leave the court below, as well as this court, to conclude that appellate counsel was *ipso facto* ineffective for failure to argue the issue, even in the absence of any testimony or argument in support of that conclusion. Appellant's regrettable lapse at

the post-conviction hearing notwithstanding, we believe the fact that appellant pleaded appellate counsel ineffectiveness in his petition and in his brief in support thereof was sufficient to have properly presented the Post Conviction Hearing Act hearing court with the issue for its resolution, and to have preserved the issue for our review. Cf. *Commonwealth v. Murray*, 481 Pa. 201, 392 A.2d 317 (1978) (dissenting opinion of Roberts, J.).

The court below determined trial counsel had not provided ineffective representation, and hence, *sub judice*, resolved the allegation of appellate counsel ineffectiveness against appellant. Now appellant urges upon us the argument that the court below erred, and that trial counsel was ineffective in three particulars.

■ First, appellant asserts trial counsel was ineffective for failing to present expert psychiatric testimony at the suppression hearing. The statement sought to be suppressed was not introduced into evidence in appellant's trial. Moreover, a psychiatric evaluation was conducted and hearing held to determine appellant's competency to stand trial. Both the psychiatric report conclusion and ruling of the court below was that appellant was competent to stand trial.

Thus, even if counsel had presented expert testimony at the suppression hearing, it is highly unlikely the result there would have been otherwise than it was. In any event, the statements never having been introduced at trial, appellant has failed to show any prejudice in counsel's failure to present psychiatric testimony at the suppression hearing. *Commonwealth v. McDonald*, 459 Pa. 17, 326 A.2d 324 (1974).

■ Next, appellant argues his trial counsel was ineffective in that he failed to sufficiently consult with appellant in preparation for trial, and that he refused to permit appellant to testify in his own behalf. On both these points the testimony of appellant's trial counsel was at variance with that of appellant. The court below chose to believe the testimony of counsel and disbelieve that of appellant. This it is free to do. *Commonwealth v. Sweitzer*, 261 Pa.Super.

183, 395 A.2d 1376 (1978). "[T]his court will not disturb its findings if they are supported in the PCHA record. . . . This is true even when the record could support a contrary holding." *Commonwealth v. Sullivan*, 472 Pa. 129, 371 A.2d 468 (1977).

We find, thus, that appellant has failed to meet his burden of proving ineffective assistance of counsel.

Order affirmed.