## Commonwealth v. Gioffre

*Butler Buchanan, Assistant District Attorney,* for Commonwealth.
*James A. Downey, III,* for defendant.

GARB, *J.*, November 14, 1979—Defendant was charged in a one count criminal information with the crime of receiving stolen property. After a trial before the undersigned and a jury a verdict of guilty was returned. Defendant has filed post trial motions in the nature of motions in arrest of judgment and for a new trial which have been argued before the court en banc and which will be denied herein.

• • •

Defendant seeks a new trial based upon the assertion of ineffectiveness of trial counsel. Post conviction counsel being different than trial counsel, it is appropriate that the issue be raised at this time: Com. v. White, 476 Pa. 350, 382 A. 2d 1205 (1978); Com. v. Dyson, 249 Pa. Superior Ct. 503, 378 A. 2d 408 (1977); Com. v. Hubbard, 472 Pa. 259, 372 A. 2d 687 (1977); and Com. v. Turner, 469 Pa. 319, 365 A. 2d 847 (1976). In fact, it would probably be waived if not raised at this time: Com. v. Sherard, 483 Pa. 183, 394 A. 2d 971 (1978); Com. v. Mc Neil, 479 Pa. 382, 388 A. 2d 707 (1978); and Com. v. Lee, 254 Pa. Superior Ct. 495, 386 A. 2d 59 (1978). Of course, the burden of proving ineffectiveness is upon defendant: Com. v. Hooks, 483 Pa. 40, 394 A. 2d 528 (1978).

Essentially, in reviewing the stewardship of counsel we must follow a two step process as follows: (1) does the contention raised have arguable merit; (2) if so, does counsel's action or inaction have any reasonable basis: Com. v. Ramsey, 259 Pa. Superior Ct. 240, 393 A. 2d 806 (1978); Com. v. Howard, 258 Pa. Superior Ct. 440, 392 A. 2d 875 (1978); and Com. v. Thomas, 251 Pa. Superior Ct. 386, 380 A. 2d 833 (1977). Before inquiring into the basis for counsel's failure to raise certain issues at

trial, we must first determine if those issues are of arguable merit. If we conclude that the issues are of arguable merit, then and only then do we proceed to inquire whether the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests: Com. v. Betrand, 484 Pa. 511, 399 A. 2d 682 (1979); and Com. v. Musi, 486 Pa. 102, 404 A. 2d 378 (1979).

The original criminal complaint charged defendant with the crimes of receiving stolen property and conspiracy. The conspiracy charge asserted that he did conspire with one Pasquale Navarra to commit the crime of receiving stolen property. Navarra was similarly charged. As a result of the preliminary hearing Navarra was held for court for both charges, but for reasons which do not appear of record, defendant was held for court only on the charge of receiving stolen property and not for conspiracy. Therefore, the criminal informations prepared and filed by the district attorney charged Navarra with receiving stolen property and conspiracy, but defendant was charged only with receiving stolen property. Defendant and Navarra were brought to trial jointly and as previously noted herein, the case against Navarra was dismissed on demurrer at the close of the Commonwealth's case. However, at the opening of the trial and in his opening statement to the jury, the district attorney stated to the jury that defendant was on trial charged with receiving stolen property and conspiracy. This was clearly a mistake on his part. Defense counsel did not object at that time but waited until termination of the district attorney's opening statement at which time he objected to that statement and moved for a mistrial. The mistrial was denied but an extensive cautionary instruction was

given to the jury. Although the opening statements were not transcribed, the statement made by the district attorney was made a part of the record.

Although we have found no cases regarding opening statements of counsel we believe that the same principle should apply to opening statements as to closing arguments. Ordinarily objections to arguments of counsel should be made immediately unless the argument is stenographically recorded: Com. v. Adkins, 468 Pa. 465, 364 A. 2d 287 (1976). If the argument is stenographically recorded the objection can be made at the close of the argument: Com. v. Perkins, 473 Pa. 116, 373 A. 2d 1076 (1977); and Com. v. Kuebler, 484 Pa. 358, 399 A. 2d 116 (1979). Every intemperate remark of the district attorney does not require a new trial: Com. v. Gilman, 485 Pa. 145, 401 A. 2d 335 (1979); Com. v. Johnston, 258 Pa. Superior Ct. 429, 392 A. 2d 869 (1978); and Com. v. Dussinger, 478 Pa. 182, 386 A. 2d 500 (1978). Depending upon the circumstances, some improper remarks by the district attorney can be cured by an immediate curative instruction: Com. v. Glover, _____ Pa. Superior Ct. _____ 401 A. 2d 779 (1979).

Here the district attorney mistakenly advised the jury that defendant was charged with conspiracy. This was done on one occasion and no emphasis was placed upon it. The jury was promptly instructed regarding the error of the district attorney and we find the curative instruction adequate. Furthermore, the case was submitted to the jury against defendant only and our final instructions to the jury clearly indicated that he was charged only with receiving stolen property. They returned a guilty verdict on that charge only. Although counsel failed to object immediately upon the making of the offending remark, the remark was placed of

record for review by a post conviction or appellate court. Therefore, we fail to see how counsel's failure to object immediately has caused any prejudice to defendant when we consider that if the opening statement had been stenographically recorded in its entirety he could well have waited until the district attorney had completed his statement. Therefore, we find there is no merit to this claim and based upon that we need not look to determine whether there was some reasonable basis for counsel doing what he did. As such, the contention of ineffective counsel is rejected.

For the foregoing reasons we are satisfied that defendant's motion as in the nature of a motion in arrest of judgment and for a new trial must be denied, dismissed and overruled.

## ORDER

And now, November 14, 1979, it is hereby ordered, directed and decreed that defendant's motions in the nature of a motion in arrest of judgment and for a new trial are denied, dismissed and overruled. Defendant is directed to appear in Court Room No. 2 at 10:00 a.m. on December 14, 1979 at the Court House, Doylestown, Pa., for the purpose of imposition of sentence.