417 A.2d 1276

COMMONWEALTH of Pennsylvania

v.

Eugene COLE, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 25, 1979.

Filed Dec. 28, 1979.

Ronald M. McCaskill, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROBERTS, and LIPEZ, JJ.*

PER CURIAM:

On July 28, 1977, a jury convicted appellant of murder of the first degree and kidnapping and imposed capital punishment for murder and a consecutive term of imprisonment of 10 to 20 years for kidnapping. The trial court denied post-verdict motions. Following decision of *Commonwealth v. Moody*, 476 Pa. 223, 382 A.2d 442 (1977), cert. denied, 438 U.S. 914, 98 S.Ct. 3143, 57 L.Ed.2d 1160 (1978), declaring

* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania, is sitting by designation.

unconstitutional the state death penalty provision, the trial court vacated the death sentence and imposed a sentence of life imprisonment. Appellant contends that (1) systematic exclusion of veniremen opposed to the death penalty denied him his right to trial by a jury of his peers; (2) the trial court's questioning at voir dire indicated its desire that the jurors return a verdict of guilty and the death penalty; (3) the questions the Commonwealth and the trial court asked at voir dire did not reveal whether veniremen would refuse to impose a death penalty under any circumstances and removal for cause of veniremen based on their answers to these questions was improper; (4) an inculpatory statement he gave should have been suppressed; (5) the trial court improperly instructed the jury that the facts of the case did not warrant a verdict of guilty of voluntary manslaughter; and (6) the prosecutor improperly commented on appellant's silence at trial. We affirm.

Appellant and a codefendant robbed the victim at gunpoint, beat him about the head with a pistol, drove him to an isolated area, ordered him to kneel and shot him three times in the back. Appellant admitted these facts in a statement he gave police which was introduced at trial.

■ Appellant argues that voir dire produced a jury prone to convict because veniremen opposed to the death penalty under all circumstances were excluded. This argument is without merit. *Commonwealth v. Brown*, 462 Pa. 578, 342 A.2d 84 (1975); *Commonwealth v. Speller*, 445 Pa. 32, 282 A.2d 26 (1971). Appellant also argues that the jury was prone to impose the death penalty. Because the trial court vacated appellant's capital sentence and imposed a life sentence, we need not determine whether the jurors were prone to impose capital punishment. See *Commonwealth v. Dukes*, 460 Pa. 180, 331 A.2d 478 (1975).

■ Appellant contends that the court's questioning at voir dire indicated its opinion that he was guilty and deserved the death penalty. Our review of the record reveals that the trial court was impartial and restrained in its

questioning and did not indicate any opinion on guilt. Appellant also asserts that the questions the Commonwealth and the court asked at voir dire were improper. The Commonwealth and the court asked the veniremen if they had a moral or philosophical objection to imposing the death penalty under any circumstances and whether they could impose the death penalty in a murder case such as this one. These questions were proper. See *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).

Appellant contends that the written inculpatory statement he gave after receiving *Miranda* warnings should have been suppressed as the tainted product of an oral statement he gave before receiving warnings and because he was under the influence of drugs at the time and could not make a voluntary statement. At the suppression hearing, the officer who conducted the questioning testified that appellant did not make an oral statement before receiving *Miranda* warnings and that appellant appeared fully in control of his faculties. Thus, sufficient evidence appears of record to support the finding of the suppression court that the written statement was admissible. See, e. g., *Commonwealth v. Kichline*, 468 Pa. 265, 361 A.2d 282 (1976). Appellant also argues that his statement should have been suppressed because his *Miranda* warnings do not appear on it. Appellant did not raise this issue in his motion to suppress. Consequently, the issue is not preserved for review. See Pa.R.Crim.P. 323(b); *Commonwealth v. Evans*, 267 Pa.Super. 59, 405 A.2d 1302 (1979) (citing cases).

Appellant contends that the trial court improperly instructed the jury that the facts of the case did not warrant a verdict of guilty of voluntary manslaughter. At trial, appellant requested a charge on voluntary manslaughter. See *Commonwealth v. Jones*, 457 Pa. 563, 319 A.2d 142 (1974), cert. denied, 419 U.S. 1000, 95 S.Ct. 316, 42 L.Ed.2d 274 (1974). The trial court instructed the jury that the Pennsylvania Supreme Court has ruled that in every case where murder is charged, the defendant, upon request, is entitled to a charge on voluntary manslaughter; that the jury could

return a verdict of guilty of voluntary manslaughter in its mercy-dispensing power; that the court did not believe that the facts of the case indicated that appellant was guilty of voluntary manslaughter, but that the jury was not bound to follow his opinion; and that the jury could return a verdict of guilty of voluntary manslaughter even if the facts did not show that appellant was guilty of that crime.**

■■■ When a defendant charged with murder requests a charge on voluntary manslaughter, the trial court may give its opinion on whether the facts show that the defendant committed voluntary manslaughter if the evidence supports the court's opinion, the court fully informs the jury of its power to return a verdict of guilty of voluntary manslaughter, regardless of whether the facts support that verdict, and if the court instructs that the jury is the finder of facts and is not bound to follow the court's opinion. *Commonwealth v. Scaramuzzino*, 485 Pa. 513, 403 A.2d 82 (1979) (plurality opinion) (citing cases). Here, the trial court's opinion was

---

** " . . . The Pennsylvania Supreme Court . . . has mandated that an instruction on voluntary manslaughter be delivered by the trial court in every case of murder when such charge is requested by the defense. Such a charge is to be given notwithstanding the absence of any evidence in the record to support such a charge of voluntary manslaughter. This mandate from the Supreme Court is based on the historical time-honored doctrine that it has always been within the mercy-dispensing power and the compassion-dispensing power of the jury to bring in a verdict of voluntary manslaughter in a case of murder. Accordingly, you are to equally consider the possibility of a verdict of guilty of voluntary manslaughter with all the other permissible and proper, allowable and available verdicts in this case.

In the opinion of the trial court—you are not bound by my opinion; you are the fact finders—you are to consider voluntary manslaughter equally along with all the other verdicts in this case, and if you do want to return that verdict, it is your power to do so and feel free to do so. I am not prevailing upon you. But it is the opinion of this Court that there is little evidence, if any, of the crime of voluntary manslaughter in this case. But my statement to you is an opinion with respect to the evidence, which you are in no way, shape or form bound to comply with, and which you are not bound by.

Voluntary manslaughter should be returned by you if you in your wisdom decide that it is a proper verdict, and should be given equal consideration with all the other permissible and proper and allowable and available verdicts notwithstanding my expressed opinion previously of record."

justified by the facts and the instruction informed the jurors of their power to ignore his opinion and impose a verdict of guilty of voluntary manslaughter. Accordingly, the trial court did not err in its instruction. See *Commonwealth v. Gaddy*, 468 Pa. 303, 362 A.2d 217 (1976) (plurality opinion).

■ Finally, appellant contends that the prosecutor improperly commented on his decision not to testify at trial, influencing the jury to impose the death penalty. After the verdict, the jury heard argument on penalty. The prosecutor sought the death penalty, arguing that appellant's silence at trial indicated lack of remorse. The trial court vacated the capital sentence imposed by the jury and imposed a sentence of life imprisonment. Thus, it is irrelevant whether the prosecutor's comments were improper, for appellant has received all the relief to which he would be entitled for a meritorious claim. Cf. *Commonwealth v. White*, 476 Pa. 350, 382 A.2d 1205 (1978) (where appellant's claim, if valid, entitled him to a second trial, and he had already received a second trial, court denied relief because appellant had been awarded all relief to which he was entitled).

Judgment of sentence affirmed.