426 A.2d 678

**COMMONWEALTH of Pennsylvania**

v.

**Donald E. ALBERTS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed Feb. 20, 1981.

Peter T. Campana, Williamsport, for appellant.

Dean N. Livermore, Assistant District Attorney, Williamsport, for Commonwealth, appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas of Lycoming County denying post-conviction relief on the claim of ineffectiveness of counsel. The appellant was convicted in a jury trial of one count of simple assault; post-conviction motions were filed and denied and he was sentenced to not less than one month nor more than twenty-three months and placed on immediate probation. An appeal to this Court was filed on his behalf by counsel other than trial counsel and later withdrawn.

Counsel then filed a petition under the Post Conviction Hearing Act alleging that trial counsel was ineffective for failing to call two witnesses. The court held that his decision not to call the witnesses was a reasonable exercise of his representation as their testimony would only relate to the credibility of witness Woodward and counsel properly felt that further impeachment of this witness was unnecessary.

The first count of the indictment alleged an attack on Woodward; and the second alleged an attack on the appellant. The jury acquitted Woodward, but convicted the appellant.

The issue of ineffectiveness of trial counsel was raised for the first time at post-conviction hearing. Ineffective assist-

ance of counsel is an issue that should have been raised by the defendant on his direct appeal to this Court and this failure constitutes a waiver. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975); *Commonwealth v. Lowry*, 260 Pa.Super. 454, 394 A.2d 1015 (1978). Ineffective assistance of counsel has become the last ditch ploy of defendants in criminal cases and should not be encouraged.

The issue of waiver was raised by the Commonwealth at post-conviction hearing, but the court proceeded to hear the matter on the merits and denied relief.

The issue was waived as the appellant "knowingly and understandably" failed to raise it on direct appeal and could have raised it on appeal *19 P.S. § 1180–4(b)(1) (Supplement 1978).* The act created a rebuttable presumption of knowingly and understandably failing to raise the issue. *19 P.S. § 1180–4(c) (Supplement 1978).* This may be overcome upon proof that extraordinary circumstances existed justifying failure to raise it or other proof that the waiver was not knowingly and understandably made. *19 P.S. § 1180–4(b)(2), (c) (Supplement 1978).* The issue was not raised on direct appeal and the appellant offered no proof to overcome the presumption.

We find that the claim of ineffective assistance of counsel was waived. In *Commonwealth v. May*, 476 Pa. 385, 382 A.2d 1223 (1978), a claim was made that counsel was ineffective for failing to call two witnesses to testify in his behalf. The Supreme Court said: "We need not resolve this ineffectiveness claim, however, for it has been waived. To raise a claim of ineffectiveness of counsel for the first time in a PCHA proceeding, a petitioner who was represented on appeal by counsel other than trial counsel must demonstrate the existence of some 'extraordinary circumstance' justifying failure to raise the issue on direct appeal."

The same issue was raised in *Commonwealth v. McNeil*, 479 Pa. 382, 388 A.2d 707 (1978). The appellant listed eight complaints of ineffective assistance against his trial counsel. Appellate counsel was different than trial counsel. In a footnote to the opinion, the Supreme Court, holding that the issues were waived stated:

"The trial court was apparently of the view that this rule applied only to those assignments of ineffective assistance which appeared on the trial record. Our cases have made it clear that it is incumbent upon new counsel to completely review the stewardship of his predecessor and all arguable instances of ineffective assistance, whether or not on the trial record, must be raised at the first possible opportunity. In this instance that opportunity would have been the direct appeal. See *Commonwealth v. May*, 476 Pa. 385, 382 A.2d 1223 (1978)."

See also, *Commonwealth v. Taggart*, 258 Pa.Super. 210, 392 A.2d 758 (1978).

The issue of ineffectiveness of counsel was waived so that the merits should not have been considered by the court below. For that reason, we sustain the order denying post-conviction relief.